UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM HOLLY,

    Petitioner,

        v.　　　　　　　　　　　　CAUSE NO. 3:19-CV-416-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

William Holly, a prisoner without a lawyer, filed a habeas corpus petition to challenge the calculation of his sentence under Case No. 02D04-9105-CF-255 in the Allen Superior Court. According to the Warden, his earliest possible release date is in 2031, but Holly maintains that he should already be released.

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

The Warden argues that Holly has failed to exhaust his State court remedies with respect to his habeas claim. In response, Holly describes himself as a federal prisoner and argues that his only avenue for relief is in federal court. To start, Holly is not a federal prisoner; he is currently incarcerated at a facility maintained by the Indiana Department of Correction pursuant to a sentence issued by the Allen Superior Court for committing criminal offenses as defined by Indiana statutory law. ECF 5-1; ECF 23-4. While Holly was once a federal prisoner, he has completed his federal sentence and that the United States Department of Justice released him from its custody. ECF 23-5. Further, under Indiana law, inmates may challenge their sentence calculations in State court by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). Consequently, Holly has an avenue for relief in State court.

Holly also argues that he has exhausted his State court remedies but declined to provide the case numbers. Instead, he maintains that the court already has them. Notably, the Seventh Circuit determined that Holly's claim in this case did not challenge his conviction or sentence but instead was a claim that "Indiana's correctional officials have miscalculated his release date in light of the fact that he started serving his sentenced while in federal custody." ECF 1 at 2. While Holly has challenged his sentence or conviction in State court, these proceedings do not suffice to exhaust State court remedies on a claim that State officials has miscalculated his sentence, and the court is unaware of any State court proceedings in which Holly has raised the claim

2

presently before the court. Accordingly, the court dismisses this case without prejudice because Holly has not exhausted his State court remedies.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Holly to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) DENIES William Holly a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED this March 10, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge